IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA          §
                                  §
V.                                §
                                  §     No. 3:25-cr-463-K
GREGORY GEEGI GEORGE,             §
                                  §
          Defendant.              §

## MEMORANDUM OPINION AND ORDER REVOKING PRETRIAL RELEASE AND ORDERING DETENTION PENDING TRIAL

Defendant Gregory Geegi George is charged by an indictment with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). His case is set for trial in May 18, 2026 before United States District Judge Ed Kinkeade.

On November 12, 2025, the undersigned United States magistrate judge released Defendant under 18 U.S.C. § 3142(c) pending trial subject to an Order Setting Conditions of Release. *See* Dkt. No. 14.

Having been released on such conditions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).

Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was

ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148; *see also* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release.").

-2-

On February 5, 2026, Defendant's supervising pretrial services officer filed a

Report of Violation of Conditions of Pretrial Release, in which she reported:

> COMES NOW Andrew S Abbott, U.S. Probation Officer, presenting a report to the Court upon the conduct of defendant, Gregory Geegi George, who was placed on pretrial release supervision by the Honorable U.S. Magistrate Judge David L Horan sitting in the Court at Dallas, on November 13, 2025, under the following conditions:
>
> (7)(y) the defendant shall not have access to any computer without permission from pretrial services.
>
> (7)(z) the defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contribution to the cost of the monitoring in an amount not to exceed $40.00 per month.
>
> The undersigned has information that the defendant has violated such conditions in each of the following respects:
>
> The defendant violated his conditions of release by possessing an unauthorized cell phone at his residence. Specifically, on February 3, 2026, during the course of a home contact, the undersigned observed the light of what appeared to be a phone or electronic device between the couch cushions to the defendant's left. The device was in plain view and without manipulating the couch or moving the cushion, the undersigned was able to reach a black Samsung phone which was on and unlocked.
>
> A cursory review of the phone found the Facebook application and other applications open on the phone as well as the defendant's picture in the phone profile settings. The undersigned did not observe child sexual abuse material (CSAM) during this brief review of the phone. The defendant was questioned about the phone, which at first, he indicated was his girlfriend's; however, the defendant subsequently provided the pattern unlock for the phone and his fingerprint opened the phone confirming his ability for unrestricted access to the device. The defendant's phone was seized as evidence of a violation during the home contact.
>
> On February 4, 2026, the defendant reported to the U.S. Probation Office to discuss his non-compliance. During this office visit, the defendant admitted to the undersigned that he had access to the device for approximately three to four weeks and used it for job search activities, banking/financial purposes, social media, games, and to view the Texas Workforce Commission website. The defendant denied possession of CSAM on the device and any contact with minors.
>
> A prior petition has been submitted by the U.S. Probation Office

relating to this defendant on December 17, 2025, for positive urinalysis results for cocaine and methamphetamines. The Court ordered the defendant's conditions modified to include substance abuse treatment on that same date.

The undersigned suggests to the court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

Dkt. No. 19 at 1-2.

The Court ordered that a summons be issued and that Defendant appear before this Court to determine whether his conditions of prehearing release should be revoked. *See id.* at 4.

The government then filed a Motion to Revoke Conditions of Pretrial Release, in which it asserted:

The United States of America, by and through the United States Attorney for the Northern District of Texas, files this Motion to Revoke Conditions of Pretrial Release of Gregory Geegi George, and in support shows as follows:

I.

On October 7, 2025, George was charged in a one-count indictment charging receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). (Dkt. 1.) On November 6, 2025, the government filed a Motion for Detention and Motion to Continue Hearing, Dkt. 12, invoking the rebuttable presumption against George because there was probable cause to believe he had committed an offense involving a minor under 18 U.S.C. § 2252(A)(2)(A). On November 7, 2025, George appeared before Magistrate Judge Brian McKay for an initial appearance and arraignment. (Dkt. 10.) George was ordered temporarily detained, and a detention hearing was set for November 12, 2025. (Dkt. 9.) On November 12, 2025, a detention hearing was held before Magistrate Judge David L. Horan. (Dkt. 13.) George was ordered released pending trial and placed on conditions of pretrial release. (Id.) Specifically, George's conditions of pretrial release included the following:
(1) The defendant must not violate federal, state, or local law while on

release.

(7) (m) not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C § 802, unless prescribed to defendant by a licensed medical practitioner.

(q), (i)(2), (ii)(3), and (iii) Home detention (radio frequency) . you are restricted to your residence at all times except for employment; education; religious services, medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer. Pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer.

(y) the defendant shall not have access to any computer without permission from pretrial services.

(z) the defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contribution to the cost of the monitoring in an amount not to exceed $40.00 per month. As part of the Computer and Internet Monitoring Program, …

(iii) The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

(v) The defendant shall not maintain or create a user account on any social networking site (i.e. MySpace.com, Facebook.com, AdultFriendFinder.com, etc.) that allows access to persons under the age of 18, or allows the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile of users under the age of 18.

(ix) The defendant shall not use or own any device that allows Internet access other than authorized by the U.S. Probation Office. This includes, but is not limited to PDA's, electronic games and cellular/digital telephones.

(Dkt. 14.) George acknowledged that he was aware of his conditions of pretrial release and agreed to obey all conditions. (Id. at 4.) On December 17, 2025, U.S. Probation Officer Andrew S. Abbott filed a Petition for Action on Conditions of Pretrial Release, Dkt. 18, alleging George violated his conditions of pretrial release by testing positive for amphetamines and cocaine on December 2, 2025. On December 17, George's conditions were modified to include participation in inpatient or outpatient substance use treatment, if directed by probation, and he

-5-

was allowed to remain on pretrial conditions. (Dkt. 18 at 2.) On February 2, 2026, Officer Abbott filed a Report of Violation of Conditions of Pretrial Release, Dkt. 19, alleging George violated his conditions of pretrial release by possessing an unauthorized cell phone at his residence that had not been approved by U.S. Probation and which had the Facebook application open, among others. A hearing is currently set for February 11, 2026, regarding George's violation of his pretrial release conditions. (Dkt. 20.)

II.

The government alleges that George violated the above listed conditions of release and requests his conditions of release be revoked, and George ordered detained pending the disposition of the instant case.

On October 7, 2025, a grand jury indicted George on one count of receipt of child pornography. George is currently facing a term of imprisonment with a minimum of five years and a maximum of twenty years. At the time of the detention hearing, the government invoked the rebuttal presumption that no condition or combination of conditions would assure the Court that George was not a flight risk or danger to the community. The government relied heavily on the fact that George was a danger to the community based upon the nature of his offense— an offense against minor children. At the time, it was not known that George had used controlled substances prior to his arrest as he denied any type of drug use within the last six years or so. (Pretrial Services Report at 3.) Thus, this evidence was not known or available to the Court for consideration in determining whether George should be released pending disposition of his case. Based upon the available information, the Court determined that the rebuttable presumption had been overcome, and there were conditions or a combination of conditions that the Court could set that would ensure George's appearance and that he would not be a danger to the community. Now George is before the Court for violating the Court's orders on more than one occasion and after already being given a second chance by the Court.

First, George failed to report to the pretrial officer that he had used amphetamines/methamphetamines and benzoylecgonine prior to his arrest, resulting in him testing positive for those substances at his post release intake interview. (Dkt. 18 at 2.) After being placed on pretrial release conditions, George continued to use illegal substances, testing positive for methamphetamine and cocaine. (Id.) On December 15, 2025, when questioned regarding the positive drug test, George told his probation officer that he used cocaine and methamphetamine around November 25, 2025. (Id.) On this same date, an instant drug screening was done, and George again tested positive for cocaine; however, this

was not sent to the lab for confirmation. (Id.) In possessing and using these illegal substances, George violated state law by possessing a controlled substance – cocaine and methamphetamine. Additionally, he violated the conditions of this Court directing him to "not use or unlawfully possess a narcotic drug or other controlled substance." (Id. at 1-2.) Considering George is on Home Detention with very limited reasons that he can leave his home; it does beg the question of how he gained access to methamphetamine and cocaine. Regardless, on December 17, 2025, George was given a second chance and allowed to remain on pretrial conditions so long as he participated in inpatient or outpatient treatment if directed by a pretrial services officer. (Id. at 2.)

Second, on February 3, 2026, during a home visit, Officer Abbott observed a cellular telephone between the couch cushions next to George. (Dkt. 19 at 1.) The phone was unlocked and on. (Id.) When asked about the phone, George lied and said it belonged to his girlfriend. (Id.) However, George was able to unlock the phone with both a pattern and his fingerprint. (Id.) Facebook, as well as other applications were open on the phone. (Id.)

The following day when George reported to probation, he finally admitted to having access to the cell phone for three to four weeks. (Id.) He admitted to using it for social media, games, and job searches. (Id.) Thus, at the very least, George possessed an unauthorized cell phone, that did not contain any monitoring software, was connected to the Internet, and which he used to access social media applications that allow for access to minors and other individuals who are like George. If George truly had access to the phone for only three to four weeks, then he would have obtained it only a few weeks after being admonished of the need to follow his conditions of release. In fact, George has only been on pretrial release for less than three months and has violated those conditions, not once but twice, and not in small ways, but in significant ways—use of felony-level controlled substances and use of an unauthorized cellphone with the Internet, accessing social media.

As such, George violated the conditions of his supervised release by using cocaine, methamphetamine, an unauthorized cellular telephone, the Internet, and social media application(s).

For these reasons, the government requests that George's conditions of pretrial release be revoked, and George be detained pending the conclusion of his case.

Dkt. No. 21 at 1-6.

On February 11, 2026, the Court held a hearing on the matter of possible

revocation, at which Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

The Court heard testimony from Probation Officer Abbott and Special Agent Pope and then heard argument from counsel.

The evidence, consistent with the facts recounted in the government's motion to revoke, shows clearly and convincingly that Defendant violated the conditions that he must not use prohibited controlled substances and must not access any internet-equipped devices without prior authorization by pretrial services and without the Court-ordered monitoring software and must not access social media.

The Court understands Defendant has had difficulty finding employment while on release and has struggled financially. But the record reflects a pattern of Defendant violating various release conditions and then, only when caught, asking forgiveness rather than reaching out to pretrial services on his own for assistance or permission.

The Court already gave Defendant a second chance as to his prohibited substance use, about which he had not been honest with pretrial services from the time of his detention hearing. And now Defendant has again engaged in prohibited conduct to which he has admitted only after being caught at an unannounced home visit by pretrial services.

On this record, the Court finds that, based on Defendant's conduct over the last

-8-

two months, Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward.

Based on the facts explained above, and the Court's findings based on those facts, the Court grants the government's motion to revoke prehearing release in each case and ORDERS that, under 18 U.S.C. § 3148(b), the Court's Order Setting Conditions of Release in each case is VACATED and Defendant's prehearing release under 18 U.S.C. § 3142 is revoked.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that, while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: February 11, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE